Filed 7/22/14  P. v. Howard CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, | B253298 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. TA040412) |
| CLARENCE HOWARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Clarence Howard appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Pen. Code, §1170.126).[1]  His appointed counsel filed a *Wende* brief.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Appellant filed a supplemental brief.  We have reviewed the record on appeal and find no appealable issues.  As required by *People v. Kelly* (2006) 40 Cal.4th 106, 112–114, we describe the relevant facts and explain our reasons for rejecting the arguments advanced in appellant's supplemental brief.

Appellant's conviction and sentence were subject to a previous appeal.  (*People v. Howard* (Sept. 24, 1996, B093301) [nonpub. opn.].)  As we explained in our decision in that appeal, appellant and an accomplice robbed a man of his wallet and truck on November 8, 1994.  During the incident, the accomplice threatened the victim with a gun.  The police promptly located the truck, arrested appellant, and found a gun in his possession.  The accomplice escaped.

In 1995, appellant was convicted of carjacking in which a principal was armed with a firearm (§§ 215, subd. (a), 12022, subd. (a)(1)) and possession of a firearm by a felon (§ 12021, subd. (a)(1)).  Two prior strike convictions (§ 667, subds. (b)-(i)), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)) were found to be true.

Appellant was originally sentenced to 27 years to life in prison for the carjacking under the Three Strikes law, and to a consecutive 24-month-to-life term for the firearm possession.  The court imposed an additional five-year term under section 667, subdivision (a)(1), and two one-year terms under sections 667.5 and 12022, subdivision (a)(1).  In case No. B093301, we rejected appellant's arguments that sections 654 and 667, subdivision (c)(7) prohibited the separate punishment for the firearm possession count, that a five-year enhancement could not be imposed in addition to the indeterminate term under the Three Strikes law, that appellant's 1980 convictions of robbery and attempted robbery were not strikes because they predated the enactment of the Three

---

[1] Statutory references are to the Penal Code.

Strikes law and were not serious or violent felonies at the time they were committed, and that the Three Strikes law violated equal protection and was unconstitutionally vague. We agreed with respondent that the sentence on the firearm possession count was erroneous and remanded for resentencing on that count under section 667, subdivision (e)(2)(A). The record on appeal does not include appellant's amended abstract of judgment after resentencing.

In 2013, appellant petitioned to recall his sentence under section 1170.126. In the petition, he represented he had been resentenced to a total of 58 years to life in prison. The trial court denied the petition on the ground that appellant is not eligible for resentencing under section 1170.126, subdivision (e)(2) because carjacking is a violent felony under section 667.5, subdivision (c)(17).

Inmates serving an indeterminate life sentence imposed upon conviction of a felony or felonies not defined as serious or violent by section 667.5, subdivision (c) may petition for a recall of sentence and request resentencing. (See § 1170.126, subd. (b).) The appealability of an order denying a petition for a recall is under review by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 16, 2013, S212017.)

As the trial court correctly pointed out, appellant is ineligible for a recall of his sentence because he was convicted of carjacking, a violent felony under section 667.5, subdivision (c)(17). In the supplemental brief, appellant argues that his 1990 conviction of firearm possession by a felon was improperly used as a third strike. Appellant is mistaken. The only true finding as to the 1990 conviction was that he served a prison term for it within five years of committing the current offenses. The exhibits to the supplemental brief show the conviction did not affect appellant's indeterminate life sentence; rather, it was used to impose a one-year consecutive determinate term under section 667.5.

Appellant requests that we "strike the strike . . . imposed on him on December 20, 1994." This request is not cognizable on appeal for several reasons. It is unclear what

3

December 1994 strike appellant refers to, and the record does not indicate appellant made the request in the trial court. In any event, section 1170.126 does not give the trial court power to strike prior strikes. Nor does the court have jurisdiction to strike a strike under section 1385 and resentence a criminal defendant after execution of sentence has begun. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1089.)

Appellant raises a number of issues that were decided against him in the previous appeal. He claims his sentence on the firearm possession count is barred by sections 654 and 667, subdivision (c)(7); that the same felony may not be used to triple his sentence and impose a five-year term under section 667, subdivision (a); that his priors predated the enactment of the Three Strikes law and were not serious or violent felonies when they were committed; and that the Three Strikes law was unconstitutional. Appellant is precluded from relitigating these issues by the doctrine of law of the case. (See *People v. Gray* (2005) 37 Cal.4th 168, 196–198 [doctrine prevents relitigating previously decided points of law except in cases of egregious error or intervening change in controlling law].) Section 1170.126 has not changed the law on any of the issues decided in the previous appeal.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:



WILLHITE, J.                                    EDMON, J.*

_____

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4